Seinhtun LAMA, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondent.

No. 04–5281–ag.

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Seinhtun Lama, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Steven R. Abrams's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA affirmed only the IJ's one-year bar and nexus findings, we review only those findings to see if they are supported by substantial evidence. In other words, we will not review the IJ's adverse credibility determination because it was not adopted or affirmed by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Tambadou v. Gonzales,* 446 F.3d 298, 300–01 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

The IJ denied Lama's asylum claim because he failed to prove that he filed his

application within one year of entry into the United States or that exceptional circumstances prevented him from filing a timely application. The plain language of 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151–52 (2d Cir.2006). In this case, Lama argues only that the IJ failed to give weight to his supporting documents in making the one-year bar finding. Since the weighing of evidence is highly discretionary, *see id.* at 164, this argument is neither a constitutional claim nor a question of law, and this Court lacks jurisdiction over the one-year bar finding. *See id.* at 154 (holding that this Court has no jurisdiction to evaluate factual or discretionary determinations relating to the one-year bar).

■ We remand this case, however, because the IJ's finding, as affirmed by the BIA, that Lama failed to prove he was persecuted on account of any of the enumerated grounds, is not supported by substantial evidence. Lama argues that the Maoists' threats against him for his participation with the Nepali Congress party and his refusal to join their organization was sufficient to demonstrate that they were seeking him on account of his political opinion. The BIA correctly states that an individual who was sought for conscription into an armed organization cannot meet the nexus requirement by showing merely that the organization sought to persecute him on account of his refusal to fight with them. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In order to show that persecution occurred or will occur on account of political opinion, an applicant must demonstrate, through either direct or circumstantial evidence, that the persecution arises from his actual or imputed political beliefs. *See Yueqing Zhang v.*

*Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (citing to *Elias–Zacarias*, 502 U.S. at 482–83, 112 S.Ct. 812); *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005).

Although it was reasonable for the BIA in this case to find that the Maoists were motivated, at least in part, by Lama's refusal to cooperate with them, it does not appear that either the IJ or the BIA considered all of the evidence in the record bearing upon whether the Maoists were also motivated by Lama's political opinion: Lama testified that the Maoists made a statement regarding his affiliation with a political party during one of the incidents; and the letters from the Nepali Congress, Lama's father, and Lama's wife say or suggest that he was persecuted because of his active involvement with the political party. The letter from the Nepali Congress states, "as an active member, certain persons of opposition party so-called Maoists are keeping an eye on him all the time and also created trouble to him." Neither the BIA nor the IJ evaluated these letters when discussing whether there was sufficient evidence regarding the Maoists' motivations. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005). As a result, the BIA's affirmance of the IJ's nexus finding is not supported by substantial evidence.

■ In order to succeed on his withholding of removal claim, Lama would have to show that it is more likely than not he would be persecuted if he returns to Nepal. 8 C.F.R. § 208.16(b)(1). However, the BIA did not address this finding; rather, it affirmed the denial of withholding of removal claim because he failed to meet the burden for asylum. Since this Court reviews only the BIA's decision, and since the BIA discussed only the nexus finding, the case should be remanded for further consideration of Lama's withholding of removal claim. The BIA also affirmed the denial of that claim solely because he failed

to meet the higher burden for asylum. Since neither the one-year bar nor the nexus finding are relevant to Lama's CAT claim, we are also remanding this case for further consideration of that claim.

Accordingly, the petition for review is GRANTED in part, DISMISSED in part, the BIA's decision is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).